ALSD Local 91 (Rev. 5/18)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

| | |
|---|---|
| United States of America<br>v.<br>Wilmer Orobio Payan, Osiber Vente Orobio,<br>and Jamison Valencia Moreno<br><br>*Defendant(s)* | )<br>)<br>) Case No. MJ 22-0026-B<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 11, 2022,__ in the county of __Mobile__ in the __Southern__ District of __Alabama__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46 U.S.C. 70503(a) | An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States. |
| Title 46 U.S.C. 70506 | Conspiracy to violate Title 46 U.S.C. 70503(a) |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jason R. Greene, Special Agent, HSI
_____
*Printed name and title*

Sworn to before me and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1.

Date: __02/08/2022__

_____
*Judge's signature*

City and state:  __Mobile, Alabama__   Hon. Sonja F. Bivins, U.S. Magistrate Judge
_____
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STATE OF ALABAMA | : |
| | : ss.  A F F I D A V I T |
| | : |
| COUNTY OF MOBILE | : |

I, Jason Greene, being duly sworn, depose and state:

I am a Special Agent with Homeland Security Investigations (HSI). I am presently assigned to the Office of the Resident Special Agent in Charge in Mobile, Alabama (RAC Mobile). I have been so employed with HSI since January 2010. As part of my daily duties as an HSI Special Agent, I investigate criminal violations relating to the national security of the United States such as drug smuggling, arms trafficking, financial crimes, including money laundering and bulk cash smuggling. I am authorized by the Homeland Security Act of 2002 to perform the duties provided by law and regulation and empowered to conduct investigations of offenses against the United States; conduct searches without warrant at the border or its functional equivalent; conduct inquiries related to alienage and removability; execute and serve search and arrest warrants; serve subpoenas and summonses; administer oaths; make arrests without warrant; require and receive information relating to offenses; and bear firearms.

This Affidavit is made in support of an application for the issuance of an arrest warrant for **Wilmer Orobio PAYAN, Osiber Vente OROBIO, and Jaminson Valencia MORENO.** I am familiar with the information contained in this Affidavit based upon my involvement in this investigation and based on information provided by other law enforcement officers.

Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant, this affidavit may not include every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 46 U.S.C., Sections 70503 **Wilmer Orobio PAYAN, Osiber Vente OROBIO, and Jaminson Valencia MORENO** exist.

Title 46 U.S.C. 70503 makes it a crime to Manufacture, distribute, or possess a controlled substance on vessels. (a) Prohibitions. - An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States.

As a result of the investigation described more fully below, there is probable cause to believe that **Wilmer Orobio PAYAN, Osiber Vente OROBIO, and Jaminson Valencia MORENO** knowingly or intentionally manufactured or distributed, or possessed with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States in violation of Title 46 U.S.C. Section 70503.

The United States Coast Guard (USCG) has the authority under 14 U.S.C 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and water over which the United States has jurisdiction, to enforce federal laws.

On January 11, 2022, while on routine patrol in Eastern Pacific Ocean, the United States a U.S. Customs and Border Protection (CBP) maritime patrol aircraft (MPA) spotted a go-fast vessel (GFV) in international waters, 50 nautical miles south of Isla De Malpelo, Colombia. The MPA alerted the USCG Cutter JAMES which diverted to intercept the vessel. The JAMES

also launched a helicopter to intercept and establish a visual surveillance of the vessel while JAMES was enroute to intercept. A visual surveillance of the vessel was established and the USCG observed a GFV, with three (3) crewmembers onboard, and a tarp covering a large portion of the deck.

Through their chain of command, the JAMES requested and received a Statement of No Objection (SNO) and Right of Visit (ROV) on a vessel suspected of illicit maritime activity, reasonably suspected of being without nationality, displaying no indicia of nationality, while also operating in international waters. Reasonable suspicion factors included: an apparent tarp covering the deck, the GFV style of the vessel, and the vessel was operating in a known drug trafficking area. ROV questioning and observation yielded three (3) crewmembers, no physical flag flown, no registration documents, no registration number on the hull, no homeport on the hull, no name on the hull, and no other painted on markings. The USCG identified **Wilmer Orobio PAYAN,** as the master of the vessel, who stated the vessel does not have a nationality. During the ROV portion of the encounter, the boarding team observed bales consistent with contraband onboard the vessel.

Based on the results of the ROV, the JAMES was granted a SNO to treat the vessel without nationality and conduct a full law enforcement boarding pursuant to international maritime law for a vessel under U.S. jurisdiction. The boarding team conducted two (2) narcotics field tests on the suspected bales of cocaine and both tests yielded positive results for the presence of cocaine. All three (3) crewmembers were then detained and placed upon the JAMES as detainees, while the cocaine and other items were seized as evidence for further investigation. A total of approximately 1,315 kilograms of cocaine were seized from this vessel. This ended the authorized boarding.

Based on the foregoing, the Affiant believes that there is probable cause to believe that **Wilmer Orobio PAYAN, Osiber Vente OROBIO, and Jaminson Valencia MORENO** did knowingly and intentionally violate the provisions of Title 46 U.S.C., Sections 70503 and 70506 (b).

This Affiant respectfully requests that this Court issue an arrest warrant for **Wilmer Orobio PAYAN, Osiber Vente OROBIO, and Jaminson Valencia MORENO.**

*Jason Greene*
Special Agent Jason Greene
Department of Homeland Security
Homeland Security Investigations (HSI)

THE ABOVE AGENT HAD ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS __10th__
DAY OF FEBRUARY, 2022

*Sonja Bivins*
SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE